Charles Marks, J.
Motions numbered 104 and 105 of the calendar of November 24,1964, are consolidated and disposed of together herein.
The main motion is for an order permitting plaintiff to serve and file a late notice of claim against the City of New York. Relying completely upon a statutory defense, the city does not dispute or deny any of plaintiff’s assertions; thus, for the purposes of this motion, plaintiff’s contentions are deemed admitted.
Plaintiff was injured on May 14, 1964, when he was caused to fall through a defective gate over an areaway which formed part of premises at 9 West 117th Street, New York City. Plaintiff was briefly hospitalized and thereafter remained disabled until sometime early in June, 1964. On June 8,1964, he retained an attorney to prosecute his claim, and this attorney sent a claim letter to the 9 West 117th Street Corporation, at the same address, on June 12. The attorney then proceeded to secure photographs of the area and copies of plaintiff’s hospital records. On July 6, 1964, the attorney personally checked the records at the New York County Register’s office and ascertained that the 9 West 117th Street Corporation of 1706 Amsterdam Avenue, in this city, was the last recorded owner of the property, having taken title by deed of transfer dated August 16, 1963. In order to confirm these findings the attorney employed the Abstract and Mortgage Corporation to make a last owner title search. Upon receipt of confirmation of his findings, the attorney, on July 13, 1964, wrote to the owner in respect of plaintiff’s claim, addressing the letter to the address *921 of record. No response was received to either letter and by the end of September, 1964, the attorney was prepared to commence suit, having obtained in the interim not only the photographs and medical records but also copies of the police blotter (i.e., “ Aided card ”) and the bill from the Department of Hospitals. A Civil Court summons and oral complaint, dated October 29, 1964, were served upon the 9 West 117th Street Corporation on November 7, 1964. On November 10, 1964, plaintiff’s counsel received a call from an attorney representing the corporation, advising that the property in question had been condemned on Marrh 10,1964 (two months prior to the accident), and that the City of New York now held title to the same. Plaintiff’s attorney immediately called the Real Estate Department of the City of New York and the Condemnation Department of the Corporation Counsel’s office and received oral confirmation of the condemnation. The court is not advised what, if anything, the city filed in the Register’s office. It appears that the city’s customary practice in respect of condemnations is to file a map in the Register’s office prior to a condemnation, denoting the damage parcels and acquisitions by the city, and the order of the court condemning the property is thereafter filed in the County Clerk’s office. In any event, the city took no steps in this case to have its title to the property recorded so as to have the City of New York appear in the Book of Conveyances, nor in the last owner index of the Register’s office, as owner of the premises at 9 West 117th Street (nor to have such ownership reflected in the related “ tickler ” file).
Within three days after being advised of the city’s ownership, the plaintiff filed a notice of claim and commenced the instant proceedings. The city rejects the notice of claim, since the same was not filed within 90 days after the cause of action arose, as required by section 50-e of the General Municipal Law. Further, the city demands that the instant motion be dened, since subdivision 5 of section 50-e sets forth the sole grounds upon which leave may be granted to serve a late notice of claim, and the plaintiff’s case does not fall within any of the enumerated grounds. No purpose is to be served by dealing at length with the city’s contention in respect of subdivision 5 of section 50-e, since our Appellate Division has repeatedly held that this court is without power to enlarge upon the grounds enumerated in that statutory provision, no matter how meritorious the claim, and that any remedy of resulting inequities lies solely within the province of the Legislature. However, leave to file a late claim is, perforce, required only where the time to serve a notice of claim has actually run. It remains to be considered *922 whether any circumstances can be said to arrest the tolling of this 90-day period of limitation.
In the instant case, plaintiff and his attorney proceeded diligently and reasonably to ascertain the owner of the premises and to prosecute the claim against said owner. It is difficult to imagine what more the city would require of plaintiff in ascertaining ownership of the premises than to have conducted a professional search of the record of ownership maintained in the office of the Register. There-is not even the suggestion made here that the condition of the premises, or notices posted thereon, or any other indicia existed which would cause a reasonable man to suspect that the owner of record was no longer in control of the premises or, more importantly, that the city had acquired any interest herein. Certainly, it is unreasonable to require the claimant to assume, without reason, that there has occurred some exercise of eminent domain by either the city, State or Federal Government.
It is plaintiff’s unrefuted assertion that the city’s recording (or rather nonrecording) procedures herein constitute a willful concealment and avoidance so as to pervert section 50-e into a sword with which to destroy the rights of those having legitimate claims aginst it. Such conduct on the part of a private citizen would warrant our unhesitating reprobation. The court finds no basis for hesitating to afford equal protection to this plaintiff, merely because the alleged malefactor is a municipal body. So long as the city fails and refuses to put claimants and the world at large on notice of its absolute title to the premises, by employing the means which, if not so designed, are nevertheless universally employed by reasonable men for obtaining such notice, then it cannot be said that the limitation period of section 50-e commences to run against such claimants. Accordingly, the court determines that, under the facts of this case, the plaintiff’s time to serve and file his notice of claim did not commence to run until November 10, 1964, the date he was first apprised of the city’s ownership of the premises. The court finds that the notice of claim herein, dated November 13, 1964, was timely served and filed and that plaintiff need serve no further notice. It follows that plaintiff’s time to complete further proceedings in this cause shall be measured from the date of notice, to wit, November 10, 1964.
In view of the within determination, the companion motion seeking to have service of the notice of claim declared to be nunc pro tunc as of August 10, 1964 (i.e., 90 days from the date of injury) becomes moot and, accordingly, is denied. Settle order.